**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed February 11, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00004-CV

## IN RE NESTLE WATERS NORTH AMERICA, INC. AND ROBERT LEE SEWELL, SR., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No 4**
**Harris County, Texas**
**Trial Court Cause No. 476,827-401**

## MEMORANDUM OPINION

On January 5, 2021, relators Nestle Waters North America, Inc. and Robert Lee Sewell, Sr. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable James Horowitz, presiding judge of the Probate Court

No 4 of Harris County, to set aside his December 28, 2020 order denying relators' motion to quash the amended notice of intention to take deposition by written questions and motion for protection from subpoena duces tecum related to Sewell's endocrinology medical records.

This court issued an order staying the December 28, 2020 order. On January 21, 2021, real parties in interest filed a motion to lift our stay for the limited purpose of allowing the trial court to set aside its December 28, 2020 order. Real parties in interest attached a file-stamped copy of their notice of withdrawal of intention to take depositions by written questions and related subpoena duces tecum, showing that the motion was filed in the trial court on January 20, 2021. Attached to that motion is January 20, 2021 correspondence to Tex-Star Legal Support, LLC to immediately withdraw the discovery requests, cease all efforts to execute upon the request, and notify the deponent of the same. In response, Tex-Star sent real parties in interest a copy of the fax sent to Greater Houston Diabetes and Endocrinology Center.

Real parties in interest contend that relator's petition is now moot. However, relator's petition is not moot as long as the order remains in effect. *See In re Yamin*, 2020 WL 4873021, at *3 (Tex. App.—Houston [14th Dist.] Aug. 20, 2020, orig. proceeding) (mem. op.); *see also In re Komatsu Am. Corp.*, No. 14-11-00883-CV, 2011 WL 6209487, at *1 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, orig. proceeding) (mem. op.) (holding petition was not moot, even though plaintiff had filed in trial court motion to withdraw discovery order, because trial court's order was still in effect).

2

Relators cite this court's opinion in *Komatsu* in support of its argument that we can conditionally grant the petition. *See* 2011 WL 62094987, at *1. In *Komatsu*, the plaintiffs filed in the trial court a motion to withdraw the discovery requests and asked this court to dismiss the petition for writ of mandamus as moot. *Id.* The petition, however, was not moot because the trial court's order was still in effect. *Id.* The plaintiffs had clearly demonstrated that they no longer sought the production of the discovery compelled by the trial court's orders. *Id.* We held that "it would not serve the interests of justice or judicial economy to address the merits of the petition" and "in these unique circumstances" conditionally granted the petition and directed the trial court to vacate its orders. *Id.*

Here, real parties in interest are clearly withdrawing the discovery requests that are the subject of the trial court's order. Real parties in interest have not moved the trial court to vacate its order but, instead, are under the mistaken belief that this court must lift the stay for the trial court to vacate the order. In the interest of "judicial economy," we follow *Komatsu* and conditionally grant petition without regard to its merits. The writ will issue only if the trial court fails to act in accordance with this opinion. Our January 5, 2021 stay order is lifted. Real parties in interest's motion to lift our stay is dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.

3